UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 1:14-CV-69-JHM

SATISH PATEL                                                                                          PLAINTIFF

V.

HASMUKHBHAI PATEL
URVASHIBEN PATEL                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to dismiss by Hasmukhbhai Patel ("Defendant"). [DN 5]. Having been fully briefed, the motion is ripe for decision.

**I. BACKGROUND**

Satish Patel ("Plaintiff") asserts in his complaint that from June 1, 2010, through October 25, 2010, Hasmukhbhai Patel and Urvashiben Patel ("Defendants") borrowed $140,000.00 from him. As evidence of the loans, he has attached copies of checks written to the Defendants which were labeled "loans" in the memo section. Plaintiff claims that he has made repeated demands for repayment but Defendants have failed and refused to make any payments and are in default. Plaintiff brings this action seeking repayment of the $140,000.00.

**II. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[ ]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more

1

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. The allegations must "'show that the pleader is entitled to relief.'" Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

### III. DISCUSSION

The primary dispute between the parties is whether or not the money allegedly loaned by Plaintiff to Defendants falls within the scope of Kentucky's Statute of Frauds, KRS § 371.010. Specifically, the parties dispute whether or not the alleged loan is in the purview of KRS § 371.010(9). KRS § 371.010(9) provides that no action shall be brought:

> Upon any promise, contract, agreement, undertaking, or commitment to loan money, to grant, extend, or renew credit, or make any financial accommodation to establish or assist a business enterprise or an existing business enterprise including, but not limited to the purchase of realty or real property, but this subsection shall not apply to agreements pursuant to which credit is extended by means of a credit card or similar device, or to consumer credit transactions; unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. It shall not be necessary to express the consideration in the writing, but it may be proved when necessary or disproved by parol or other evidence.

KRS § 371.010(9).

The Defendant argues simply, that without a written agreement, Plaintiff is unable to enforce the alleged loan agreement. In response, Plaintiff argues that KRS § 371.010(9) applies only to actions brought upon a promise or contract to loan money. Since his action is to recover money already lent, not to enforce a promise to lend, Plaintiff argues his action is not precluded by the statute.

2

Plaintiff cites to Price v. Caldwell, 2006 WL 2382722 (Ky. App. Aug. 18, 2006), an unpublished opinion which held that KRS § 371.010(9) only applied when a borrower is trying to enforce a contract to loan money, citing Farmers Bank and Trust Company v. Willmott Hardwoods, Inc., a Kentucky Supreme court decision which noted that KRS § 371.010(9) "concerns promises to lend money." 171 S.W.3d 4 at 8 (Ky. 2005). The Defendants, in reply, attempt to distinguish those cases and they argue that KRS § 371.010(9) applies to both lender and borrower. That very well may be true, but the plain language of the statute indicates that it only applies to promises to loan money. As noted above, the money has already been lent in this case. The promise sought to be enforced is not a promise to loan money, it is a promise to pay the loaned money back.

Therefore, the enforcement of the oral promise in this case is not precluded by KRS § 371.010(9). While the complaint is a bit sparse, Plaintiff has sufficiently pled that the Defendants borrowed money from him which they have not repaid. The complaint does not allege what the terms of the agreement were but this can be determined through discovery. If an agreement is proven, and there is no other provision of KRS § 371.010 which would preclude its enforcement, Plaintiff may recover from the Defendants.[1]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Hasmukhbhai Patel's motion to dismiss is **DENIED**. [DN 5].

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

CC: Counsel of record

August 1, 2014

---

[1] The Court notes that the Plaintiff mentions a claim of unjust enrichment as a potential avenue of recovery in this case. If Plaintiff wishes to pursue such a claim, he should seek leave to amend his complaint.